

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

# 11-0446

_Willie Gross JR 1000417219_
Print the full name (first - middle - last) and
prisoner number of the plaintiff in this action.

CIVIL ACTION –

NO.   **SECT. C MAG. 1**

versus

SECTION

_Newell Norman, Jefferson_

_parish Sheriff in his Official Capacity_

_Lieutenant. Gary Cook, in his_

_Individually Capacity and official_

_Capacity as Lieutenant for Sheriffs office_
Print the full name of all defendants in
this action.
**DO NOT WRITE _et al._**

COMPLAINT

I.    Previous Lawsuits

   A.    Have you begun other lawsuits in state or federal court dealing with the same
         facts involved in this action or otherwise relating to your imprisonment?
         Yes ( )  No (✗)

**TENDERED FOR FILING**

FEB 18 2011

**U.S. DISTRICT COURT**
**Eastern District of Louisiana**
**Deputy Clerk**

___ Fee _Pauper_
___ Process _____
X  Dktd _____
___ CtRmDep_____
___ Doc. No._____

B.   If your answer to A is "yes", describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1.   Parties to the previous lawsuit

Plaintiffs _____

_____

Defendants _____

_____

2.   Court (If federal court, name of the district court; if state court, name the parish.)

_____

3.   Docket Number _____

4.   Name of judge to whom case was assigned _____

_____

5.   Disposition (For example: Was this case dismissed?  Was it appealed?  Is it still pending?)

_____

6.   Approximate date of filing lawsuit _____

7.   Approximate date of disposition _____

C.   Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
Yes ( )  No ( ✓ )

If your answer is "yes", list the civil action numbers and the disposition of each case.  You also must identify in which federal district or appellate court the action was brought.

_____

_____

_____

II.     PLACE OF PRESENT CONFINEMENT: Jefferson parish Correctional Center

A.     Is there a prisoner grievance procedure in this institution?
Yes (✓)  No ( )

B.     Did you present the facts relating to this complaint in the prisoner grievance
procedure?  Yes (✓)  No ( )

C.     If your answer is "yes",

1.     Attach a copy of all administrative complaints you have filed regarding
the claims raised in this lawsuit and copies of all prison responses.  If
copies are not available, list the number assigned to the complaint(s)
and approximate date it was presented to the prison. _____

1003017 FF  May 19th, 2010 and May 10th, 2010

2.     As to each grievance compliant provided or listed above, have you
exhausted or completed all steps in the procedure, including appeals?
yes

D.     If your answer is NO, explain why you have not done so: _____

_____

_____

_____

III.  Parties

(In item A below, complete the following information.  Do the same for additional
plaintiffs, if any.)

A.     Full Name of Plaintiff
(First - Middle - Last) _____ Willie Gross Jr

Prisoner Number   1000417 219

Address    P.O. Box 388

Date of Birth   9-19-1968

Date of Arrest   12-4-2007

Date of Conviction   N/A pre Trial Detainee

3

IMPORTANT:  In the space provided below, place the full name of each defendant named in the caption, his or her official position, place of employment,  and service address.  If you have sued more than one defendant, provide this same information for every defendant you have named.  Please attach an additional sheet, if necessary. **The parties listed below must be exactly the same as those listed in your caption.**

B.    Defendant <u>Newell Norman</u> is employed as <u>Jefferson Parish</u> <u>Sheriff</u> at <u>Jefferson parish</u>

     Address for service: <u>100 Delhonde St. Gretna LA, 70054</u>

C.    Defendant <u>Gary Cook</u> is employed as <u>Lieutenant in</u> <u>Special Investigation Unit</u> at <u>Jefferson parish Correctional Center</u>

     Address for service: <u>100 Delhonde St. Gretna LA, 70054</u>

D.    Defendant _____ is employed as _____ _____ at _____

     Address for service: _____

E.    Defendant _____ is employed as _____ _____ at _____

     Address for service: _____

F.    Defendant _____ is employed as _____ _____ at _____

     Address for service: _____

G.    Defendant _____ is employed as _____ _____ at _____

     Address for service: _____

4

IV.     Statement of Claim

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need.  Attach extra sheet if necessary.)

On March 2nd, 2010, Lieutenant Gary Cook and (12) other officers entered dormatory 2d Annex at 3:53 pm conducting a surprise shakedown. The shakedown caught me retrieving legal material from within my locker. The officers with weapons drawn, gave orders for everyone to proceed to the dayroom to be searched. I complied leaving property on my bunk and bunk area floor to which i was kneeling retrieving from within my locker. As i kneeled in the dayroom, i noticed garbage can, garbage bins and thrash bags being given to officers whom were throwing everybodies property →

V.      Relief

(State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.)

Plaintiff is seeking one point five million (1,500,000) dollars in punitive and actual damages for malicious intentional violations of plaintiff's Fourth (4), First (1st), and Fourteenth (14th) Amendment Rights. And if convicted on present charges, a legal challenge with record of injury inflicted included from this court, for postconviction remedy or relief in criminal case i'm still fighting.

5

2

into them. The Shakedown Shortly produced the unauthorized Cellphone that was the bases of the Shakedown. However, the Charger wasn't located. Lieutenant Cook then gave orders to Officers to throw away all property scattered as a direct result of the Shakedown; as well as what property that was in use prior to. After seeing this, Lieutenant Cook was Summoned by Deputy Ussin in relations to our Concerns. Once in our presence, i asked; Why were all of our Legal work and personal property being thrown away? Lieutenant Cook vehemently stated; That if it's not in your Cubby hole it's Contraband and will be thrown away as excessive—useless Clutter. I then pleaded that evidence from within My Case that i was working on prior to their entry, was in use and the reason why it's outside the locker. Lieutenant Cook Continued to deny all (44) pre-Trial Detainees pleas for Legal Materials, Religious Materials and My personal plea for Sentimental Pictures of My late brothers and Obituaries. In his exact words as he was Concluding his talk with us; he encouraged us to Sue him. I spoke to Sargent H. Sylves whom was in the immediate area where we were kneeling, showing her Legal Material at the table i was working on prior to their entry. But, she said that she was Just following orders and would do so no matter what, because that's her Job. I then told her, i was going to Sue Lieutenant Cook, Just as he encouraged. And that i would call her as one of My witnesses to the blatant disregard for

.3

Our Legal Cases and Constitutional rights. I spoke to more
officers whom actually came back then apologized, who'll
also testify to only following those Orders, not necessarily
agreeing with them though. Sgt. H. Sylve, Dep. L. Ancar, Dep.
T. Kelly, Dep. C. Emmanuel, Dep. L. Grandsart, Dep. A. Farris,
Dep. E. Ussin, Dep. B. Cohen, Dep. C. Simmons, Dep. K. Calcagno, Dep.
B. Mathern and Dep. S. Johnson all participated in the
taking of petitioners property, but he do not know
exactly who or how many contributed to his loss.

### Statement of Claim #1

4th Amendment, unreasonable search and seizure.
Petitioner's 4th Amendment Rights were violated March 2nd, 2010
under the supervision and orders of Lieutenant G. Cook acting
under the color of state law depriving him of Legal and
Personal effects, without just cause.

### Facts of Claim

1) All Legal and personal effects thrown away were authorized
   by administration to be in the possession of petitioner.

2) After the initial search for contraband was conducted, only
   a cellphone was identified as the unauthorized contraband.
   But angry that he (Lt. Cook) didn't find charger, ordered the
   seizing of already searched property.

3) Petitioner was given an order to leave property where it
   was, when the shakedown crew came through the dorm with
   weapons drawn. Petitioner followed his last direct verbal
   order to proceed to designated area.

4.

4). Petitioner Loss property through No Fault of his own, and received No disciplinary infractions for alleged Contraband.

5). The Seizing and Thrashing of petitioner's Legal Evidence, Motions, Legal Mail, has Severely handicapped his defense.

6). The Seizing and Thrashing of petitioner's personal written Books, Family pictures, Canteen products was Unreasonable.

### Statement of Claim #2

#### 14th Amendment, Due process

Petitioner's 14th Amendment Rights Were Violated in denying him due process of Law as a direct result of the Seizure that took place on March 2nd, 2010, under Supervision and Orders of Lieutenant Gary Cook acting under the Color of State Law. He did Order officers after the initial Search for Contraband, to throw away petitioner's Legal Material, Legal Mail, Pictures, Evidence, Law Books, Motions, (2) Self Written (Ninety thousand Words plus Books) Bible, Quran and Canteen products; as a direct result of his Stagnated attempt at Finding a Charger for the Cellphone Located earlier, In possession of another inmate,

#### Facts of Claim

1) Petitioner Filed a grievance on March 3rd, 2010, against Lieutenant G. Cook Whom also answered the First Step of the Grievance 3-8-2010. Whom claim petitioner property was kept in an area other than designated.

2) Petitioner Went to Second Step of grievance, being denied on 5-10-10 by Chief Sue Ellen Monfra, Claiming that My

5

property was being stored improperly and that excessive amounts of hording materials create unnecessary hazards.

3) petitioner proceeded to Third Step grievance, whom Tim Valenti answered as sheriffs designee. His responce, was that he concur with Chief Monfra's reason. This was May 19,-2010.

4) petitioner then filed through his Attorney May 14th, 2010, a Motion to return Seized property, which was signed on the 14th Ordering by the 17th, sheriffs office return all Legal Evidence, research, Motions regarding Case: 08-0002. Sheriff's office Never complied, claiming they destroyed it.

5) petitioner then filed Judicial Review, on June 17th, 2010 into section G, Honorable R. Pitre, Judge. petitioner was seeking cause of action in Civil repercussions that would follow Judges ruling and acknowledgment of irreparable injury to his Criminal case do to evidence taken.

6) petitioner after repeated Mandamus Motions to Fifth Circuit Courts to order Trial Court to answer Judicial Review filed, on Sept. 10th, 2010 a hearing was held, with No ruling Made by Judge.

7) petitioner filed to Fifth circuit again to require the Trial Court rule on Judicial Review on Merits of the complaint, and hearing held

8) on Nov. 12, 2010, Fifth Circuit Ordered Trial Court to rule on Judicial Review. Trial Court has ignored order by Fifth Circuit.

9) petitioner filed Motion to show cause of action in

6

relation to Judicial Review Filed when he went to court Jan. 31st. As of the present day, no ruling have been made in regards to a post deprivation remedy for petitioner's Loss.

10) A petition was drafted with all (44) Men losses and detailing their Concerns. One was sent to district Attorney Paul Connick and a copy to Internal Affairs. It resulted in Nothing happening or acknowledging an issue exists.

11) As a direct result of Legal Evidence taken, pictures, affidavits From victim and Witnesses, Drafted Motions to be Filed and Witnesses testimony at Motions and Trial, threatens petitioners Life and Liberty interests as he continues to Fight with a severely defeated defense. Motions Filed by petitioner and Attorney are being denied in direct Correlation to not having physical and Testimonial Evidence destroyed by officers under the Command of Lieutenant G. Cook, and without a Hearing.

12) As a direct result of personal property taken, such as; pictures of petitioners deceased Family Members, petitioner was deeply depressed. He had over (200) pictures that were of he and Family Members on vacation as well as Funeral Pictures. These irreplacable items had nothing to do with Shakedown, and deserves Compensation.

13) As a direct result of petitioner's personal Written Books Taken, the hundred Thousand dollar plus incentives sell of those (2) books were Negated. Everyday For

7

The past (3) years petitioner has Contributed his Money, Time, Thoughts and Vision into the Finished 90,000 word plus books. Deputies apart of petitioner exhibits, will attest to the Knowledge of his writing of those books and others. petitioners Ordering of Fifty or More Tablets, pens, Correspondence with publishers Etc, Will Cement his loss, as a legitimate one. The (2) Books taken were his Masters, he was in the process of editing, and deserves Compensation.

14) As a direct result of petitioner's personal property being taken such as Bible, Quran, Canteen products, ordered books, Law book, Etc, he deserves Compensation.

### Statement of Claim #3

#### 14th and 1st Amendment, Access to Courts

Petitioner's 1st Amendment Right to Access to Courts was Violated as a direct result of the Seizure of petitioner's Legal mail Confiscated then thrown away March 2nd, 2010, under Supervision and Orders of Lieutenant Gary Cook, acting under the Color of State Law.

#### Facts of Claim

1) petitioner had earlier in the day, drafted a Motion to Suppress Identification that was Sealed addressed to The Courts with postage attached.

2) petitioner had earlier in the day, drafted a Motion to Dismiss that was Sealed addressed to the Courts with postage attached.

8.

3) petitioner had earlier drafted a Motion Subpeona duces Tecum Sealed and addressed to his Lawyer, along with (4) witnesses addresses to be subpeona(d) for Motions Also inside of Manilla Envelope were Copies of witness affidavits and (4) pieces of picture Evidence.

### Legal Injury

4) petitioners Motion to Suppress Identification was filed with the intent of suppressing the Coerced Identification of the alleged Victim, whom testified in a Deposition intended for Trial use; "That Detectives told her to pick Number 5." Number 5 happens to be both Defendants. Testimony by the (4) witnesses sought to be subpeona(d), (with Motion sent to petitioner's Lawyer) would Corroborate the admissions of that Consequential Fact. Furthermore, the (4) pictures sent to petitioner's Lawyer would've further Questioned the Credibility of prosecutors only witness/victim. Their only witness has testified and gave (4) different statements to Detectives and under Oath, to Not Knowing petitioner. But the pictures show the (4) witnesses, petitioner, and Co-defendant as well as alleged victims together at a party. Witnesses would've testified to petitioners relationship to States witness, and to the real story of what occured on the Night of Nov. 2nd, 2007. Witness would've testified to the affidavit the prosecutors witness signed for petitioner, and why a Lawyer was hired for prosecutors witness by defendants.

5) petitioner was asking for Dismisal of charges in his Motion to Dismiss, had the Motion to Suppress ID

9

was granted in his favor, suppressing the illegally obtained coerced Identification by Detectives.

6) Because of petitioners Mail Not able to leave on the day of March 2nd, 2010 as planned, he was not granted the right to petition the Government for a redress of grievances.

7) Subsequently, petitioner has filed a Motion to suppress Evidence and Identification on 4-27-2010, and was denied. Petitioner's Witnesses information for contact was taken. Phone numbers and addresses prohibited Subpeona Issuances. Their testimony not being present, or the picture evidence within petitioner's Mail and Locker was destroyed, without a hearing.

8) Petitioners present Criminal Case has been prejudiced and depleted of crucial testimony and physical Evidence. In going forward, preTrial Motions have been stripped of evidence that warranted dismissal of charges as well as inflicting Questionable Credibility issues upon Detectives and prosecutors only Witness. The Jurors as it stands, will not hear or see this evidence once Trial begins. This may have devastating implications.

### Statement of claim
#### 14th Amendment, Equal protection

petitioners 14th Amendment Right to Equal protection was violated as a direct result of the seizure of his Legal and personal property, under the orders and

10

command of Lieutenant Gary Cook. petitioner's property was then thrown away as a direct result of an unreasonable search and seizure.

1) petitioner Filed a grievance March 3, 2010 against Lieutenant Cook For seizing and destroying authorized property. Lieutenant G. Cook answer My grievance 3-8-2010, Number 100 3017 FF, that according to handbook any property kept in an area other than the one designated is subject to seizure and Forfeiture as Contraband.

2) However, weeks later in the same dormatory 2nd Annex, another shakedown was conducted by Sgt. D. Biewer. Two inmates Legal materials were allegedly taken and they Filed grievances. Both men recieved the same reply, Number 1004087 of the grievance. The following responce was given: The Members OF the roving team are handpicked officers who are trained in conducting security operations. They understand that inmates Legal Materials are not subject to examination or confiscation. Capt. J. Faulkner responding.

3) Two different shakedowns with Two different views of what can or can't be taken. After talking to sgts whom regularly conduct shakedowns, they all agree that Legal property or personal property are authorized and isn't subject to confiscation. They also agree that during a shakedown, security Job isn't to guage excessive property, it's to locate contraband. It's clear that Lieutenant Cook Treated petitioner and (43) others

differently and with heightened unreasonableness, because he did not find the charger to the cellphone.

4) Petitioner and the other (43) pretrial detainees were maliciously tried and convicted because of what another inmate indulged in. Lieutenant Cook has testified in a hearing held on the 7th of Sept. to ordering the destroying of all property once the charger wasn't found. No one else situated in any part of the jail has went through this but 2d Annex. We were in fact singled out and treated differently by the unreasonable search and seizure of property authorized by administration.

VI.  Plaintiff's Declaration

1)      I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2)      I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3)      I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4)      I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $350 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this ___11th___ day of ___Febuary_____, 20_11_.


___Willis Cross Jr___
(Signature of Plaintiff)

04/2006

# UNITED STATES DISTRICT COURT

### Eastern District of Louisiana

Willie Gross Jr
_____
Plaintiff

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

V.

Newell Norman, Jefferson Parish Sheriff
Lieutenant. Gary Cook
_____
Defendant

CASE NUMBER:

I, Willie Gross Jr _____, declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant          ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs
under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief
sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.  Are you currently incarcerated?          ☑ Yes          ☐ No          (If "No," go to Part 2)

    If "Yes," state the place of your incarceration   Jefferson Parish Correctional Center

    Are you employed at the institution?   NO   Do you receive any payment from the institution?   NO

    Have the institution certify the Statement of Account portion of this affidavit or attach a certified
    ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2.  Are you currently employed?          ☐ Yes          ☑ No

    a.  If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name
        and address of your employer.

    b.  If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and
        pay period and the name and address of your last employer.
        June 2006, $500.00 wk, Tri-State road Boring

3.  In the past 12 twelve months have you received any money from any of the following sources?

    | | | Yes | No |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | ☐ Yes | ☑ No |
    | b. | Rent payments, interest or dividends | ☐ Yes | ☑ No |
    | c. | Pensions, annuities or life insurance payments | ☐ Yes | ☑ No |
    | d. | Disability or workers compensation payments | ☐ Yes | ☑ No |
    | e. | Gifts or inheritances | ☐ Yes | ☑ No |
    | f. | Any other sources | ☑ Yes | ☐ No |

    If the answer to any of the above is "Yes", describe each source of money and state the amount received and
    what you expect you will continue to receive.   mother, Family. varies in amount, it's
    whatever they have extra to send.

4. Do you have **any** cash or checking or savings accounts?     ☐ Yes     ☑ No

If "Yes," state the total amount. _____

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?     ☐ Yes     ☑ No

If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support.

Name                          Relationship                          Amount Contributed for Support

I declare under penalty of perjury that the above information is true and correct.

___1-30-2011___          ___Willie Gross Jr___
Date                                    Signature of Applicant

---

## STATEMENT OF ACCOUNT
### (Certified Institutional Equivalent)
(To be completed by the institution of incarceration)

I hereby certify that this inmate, _Willie Gross Jr # 10041 7219_, has a present inmate account balance of $ _6.07_ at the _Jefferson Parish Correctional Center_ institution. I further certify that the average monthly deposits for the preceding six months is     $ _91.70_

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing the total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is divided by six).*

I further certify that the average monthly balance for the prior six months is     $ _61.05_

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six prior months. The balance from each of the six months are to be added together and the total is to be divided by six).*

___1/31/2011___          ___Mary Charles, Sup / Commissary___
Date Certified                              Authorized Officer of Institution

# NEWELL NORMAND SHERIFF



### Jefferson Parish Correctional Center
### Commissary Department

1-31-2011      Statement of Account

CCN # 1000417219

Last   Gross, Jr.  First  Willie

Current Balance as of 1/31/11:  $6.07
Average Monthly Balance Beginning 7/1/10:  $61.05
Average Monthly Deposit Beginning 7/1/10:  $91.70

Mary F. Charles
Sup. / Commissary



*Original Grievance copy*

2010 ...

## INMATE GRIEVANCE FORM

u ntust send this form to the Correctional Administrator within thirty-(30) days of the incident complained
 Forward the completed form via the mail officer.  Use a separate form for each grievance.  DO NOT file
plicate grievances.  You will receive a response within fifteen-(15) days.  If you do not receive a response
hin that time, you may file a request for grievance review within the following five-(5) days.

| | | |
|---|---|---|
| Willie Gross Jr | 9-19-68 | 2 D ANNEX-10 |
| nate's Name | Date of Birth | Housing Location |
| 3-2-2010 | 1000417219 | 3-3-2010 |
| te of Incident | Inmate CCN # | Date Grievance Filed |

UMMARY OF COMPLAINT:

SIU Came to Pod 2d Annex at approx 3:30 pm to conduct a shake down. I
was at my bunk retreiving some legal work at the time to bring to the area dayroom
Where i was doing my work. Lt Cook, and the S.I.U. Staff Came in (Armed) barking
Orders for everyone to go to the Front Faced with the Option of putting back my
legal material or do as i was told, i complied with My Last Order and Left all material
In My bunk area On top OF bed and On Floor as i was kneeling retreiving these
items before the Order of go to the Front existed. Suddenly Lt. Cook Started  → Back

TATE YOUR ATTEMPT TO RESOLVE THIS COMPLAINT WITH AN OFFICER
ailure to complete this section will result in denial of grievance

Spoke to Lt. Cook, Dep. Ancar, Sgt. Syles, Dep. Hussein, Lt. Cook
responce was Sue me...

ame of personnel involved:

Lt Cook, Dep. Ancar, Dep. Kelly, Dep. Emmanuel and Crew

ame and Location of witnesses:

All Inmates on Pod 2d ANNEX

authorize the JPCC Medical Department to release to the first responder any & all medical records
elating to the factual basis of this grievance. Signed: Willie Gross Jr
                                                         Inmate Signature

| DO NOT WRITE BELOW THIS LINE: | FOR ADMINISTRATIVE USE ONLY: |
|---|---|
| Date Received: 3-5-10 | Returned: |
| rievance # 10 03018 | Obtain inmate receipt |
| | Multiple complaints: file separate |
| creened by: Chief Pennault | Grievance |
| | Vague complaint |
| ype of complaint: Policy + Procedure | Summarize complaint |
| ccepted and referred to: Lt. Cook | Other: Specify _____ |
| Policy & Procedure Challenged   Yes / No | Rejected: Obtain inmate receipt |
| lold pending decision on grievance # _____ | Outside scope of procedure |
| | Disciplinary appeal |
| Remarks: | Premature |
| | Duplicate Grievance |
| | Filed more than 30 days after event |
| | Other Specify |

## INMATE RECEIPT OF REJECTED / RETURNED GRIEVANCE

Revised grievance must be re-filed within thirty (30) days of the event on, which is the basis for this grievance,
whichever is later.

Date: _____        _____
                                        Inmate Signature

Copy 1 Administration          Copy 2 Inmate Receipt          Copy 3 Inmate

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA

JUN 1 7 2010

giving orders to throw away everything not in lockers. The issue here is that The Lt. and S.I.u want the authority to Spring it up at anytime and Say "Gotcha, while you have your personal items out during the day or before lockdown hours, then to justify it with it if it wasn't in the compartment whenever we jump out of a tree It's now contraband. That's a Catch 22 situation. We don't have the benefit of knowing when Shakedowns will be conducted. However, if faced with the Same Set of circumstances and lose all the personal and sentimental, Religous property, I would Surely take my time then put my things back in the locker no matter who came in. we don't have a prescribed time for us to write a letter, do legal work, Study our religion Look at our pictures, eat our food, Take a Shower and Lt. Cook don't have the right to run in here and Say "Gotcha", because there exist no prescribed time for us to do those things. The Fact of the matter is that we're here 24-7 and these are Our living Quarters. Our intended use items must first be taking out before we can proceed in using them. The monitering of personal property in excess should'nt be given to the Shakedown Crew, because the opportunity to put property back don't exist when officers are Shouting for inmates to go to a designated area. Contraband and unauthorized items are The Focus of Shakedowns not excessive property. Lt. Cook is playing a game with peoples lives by taking Authorized material under the guise of if we catch you with it outside your Locker it's contraband. Your Sgt's make rounds everyday and i'm sure they're aware of The excessive property policies and would gladly quage the excessive Property rule but more importantly, give us the opportunity to Simply store the property in the locker and anything in excess be taken. At least the chance would exist for the inmate to challenge the rule by testing the capacity of the locker. Therefore, the gripe of it not existing wouldn't or couldn't be heard. Instead, we have officers running around Jpcc interpreting rules that don't exist, bending them instead of obeying them. The Shakedown Furthermore was bias because whatever was Jpcc issued wasn't thrown away, even if it wasn't in the locker So why Just enforce the rules on Our personal property? Lt. Cook, Dep. ANcap Dep. Kelly Dep. Emmauel and the rest of the Crew infringed on Civil liberties provided by Law embodied by the U.S. Constitution, ON 3-2-2010. My Law work, religious material as well a The 2 Books I wrote while here that was based on disparities in Justice received by Certain races and religions in Jefferson parish, was in Fact Targeted as i did inform Lt. Cook on that day of my, presently doing my work before they came to Shakedown His reply was in his words, "Sue me". They took my Contract that was Signed and agreed to by me to Sell my books at $50,000 minimum plus other incentives. Those books were my masters and the research done along with inmates cases that contained The violations can't be replaced or the stories told to me again because the inmate are gone along with the $10,000 invested by me and my agent For the rights to their Stories. I am also reserving the right to call at least 5 members of your stuff that have Full knowledge of the books existence as well as their input into the Book. My Canteen Records will show the approx. 15 to 20 tablets along with pens and markers bought by me this past year. They took 4 books that i recieved through the mail, 2008 Criminal code of procedure which costed $75.00, 48 Laws of power Valued at $1500 a Dutch Book at $1500 And a deadly Reigns book Valued at $15.00. Religous material and Quran Valued at $20.00 Canteen items thrown away. 2 roast beef Pks $7.00, 2 coco Butter soaps $2.50, coco Butter Lotion $2.18, 2 Boxes of Stamps $8.80, 15 Tablets $19.56, 1 pk UNC Cards $7.88, 3 Styrofoam Caps $1.00, 1pk Mork $2.50, 8 LG Envelopes (Brown) $2.64, 3 Flex pens $2.22, 2 Soap Dishes $1.52, 1 magic Shave $4.13, 3 Pk. Sweetmate Sugar $3.12, 1 Hydrocortisone Cream $2.18, 1 Colgat Toothpaste $2.66, 1 Hot pickle $1.19.

JPcc. Search Policy states that all inmates are subject to being searched at anytime, Including Personal Property. That translates to the Search of personal property not confiscation. Seized, then discarded.

Also Under Searches, is that all inmates are encouraged to cooperate with the correctional staff to expedite these procedures. All inmates did cooperate with those procedures once told by staff to leave living quarters. It's reasonably understandable that at 3:30 pm all inmates were doing something in their bunk area and most likely had property outside the Locker, unless a prescribed period existed for everything to be picked up or put up, we were totally in compliance So far.

Also under Searches, Any and all unauthorized property and contraband will be confiscated and dispose of property. The key word here is unauthorized property. Everything taken was Personal property that was allowed in through proper procedures.

JPcc. Personal Property Policy, states you are allowed to keep in your possession only article issued by the institution or received through proper authorization. Any item not authorized will be confiscated as contraband.

JPcc. Personal Property Compartment Policy, States All excess personal property that is not contained in compartment must be sent home or shall be subject to being destroyed as contraband. So why wasen't we at Shakedown, be given the chance to put our property away that was in us prior to the Shakedown to guage whether or not it was in fact excess? Why wasen't JPcc. Issued items not thrown away also if the confiscation was legal?

JPcc. states that Searches and Shakedown's are conducted, authorized and practiced by the JPcc For the safety and security of the inmates and staff.

TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
ATTESTED AND CERTIFIED    JUN 17 2010
_____
DEPUTY CLERK

The question now remains whether this confiscation of property infringed or is covered by my Freedom of Speech rights through Lt. Cook destroying my law work, legal motions beliefs by me Practicing Islam, my legal ramifications, by destroying motions i'm Filing to Courts and taking Personal pictures that numbered 200 and Contained photos of now deceased Family members Also that has me in a depressed state of mind because i lost these sentimental things through a Spiteful Person. Also, is there a law for any officer to go throw an inmates legal work without Their being Present. The reason being that Jpcc have officers actively involved in Cases in Court and maybe on the inmates case. Your officers are on the streets and may tamper with evidence.

Response to Step (1)

**Exhibit # 4**

3/8/2010                                        1003017 ff

                                                Grievance num

To: Frank DeJean, et al

From: Lt. Cook

    Upon your entry to the Jefferson Parish Correctional Center, you were issued a copy of the inmate handbook. The handbook clearly states that personal property kept in an area other than the one designated is subject to seizure and forfeiture as contraband. To refresh your memory, please refer to pages 3 and 21. Furthermore, although the warnings in the inmate handbook are sufficient, I warned the occupants of A/D on 02/10/2010 that we would return to enforce the rule that all personal property must be kept in the personal space not under the mattress, and not on the floor.

    Now that we did return, as we had advised, and enforced the rules we said we would, inmates are claiming wholesale that their property was in fact in the personal spaces. That does not agree with my own observation as I supervised the search on 3/2/10.

IMAGED   JUN 17 2010



A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7001 2510 0007 6614 7715

Legal Mail

#1000417219
Mr. Willie Gross Jr
Po Box 388
Angola, LA. 70054

HASLER
01TH1580357
$0.510
02/15/2011
Mailed From 70053
US POSTAGE

HASLER
01TH1580357
$4.870
02/15/2011
Mailed From 70053
US POSTAGE