UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIE GROSS, JR.**                                                      **CIVIL ACTION**

**VERSUS**                                                                       **NUMBER 11-446**

**NEWELL NORMAND, ET AL.**                                        **SECTION  "J" (1)**

**O R D E R**

Plaintiff has filed a motion for appointment of counsel.  Rec. Doc. 34.  Under federal law, "[a] district court should appoint counsel in a civil rights case only if presented with *exceptional* circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added).  Having considered that fact, as well as the factors set forth in Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982), the Court finds that appointment of counsel is not warranted.  Plaintiff's claims in this lawsuit are neither factually nor legally complex, and there is no indication that extensive discovery or investigation will be required.[1]  Moreover, the Court is of the opinion that a trial, if one is necessary, will not require skills beyond plaintiff's capabilities.  Accordingly, plaintiff's motion for appointment of counsel is **DENIED**.

Plaintiff has also filed a motion for the issuance of subpoenas duces tecum to compel production of documents from the American Civil Liberties Union, the United States Attorney,

---

[1] The Court notes that plaintiff's motion is based in part on his belief that he will be unable to secure through discovery the last known addresses of some former deputies.  However, it appears that belief is based on pure speculation, in that there is no indication that plaintiff has in fact requested and been refused that information.  Nevertheless, even if plaintiff is refused that information through discovery, plaintiff can file a motion to compel.  Appointed counsel is not necessary to resolve such a routine discovery dispute.

Jefferson Parish Internal Affairs, the White House, and the Jefferson Parish District Attorney. Rec. Doc. 35. That motion is **DENIED**. Although plaintiff has been granted pauper status in this litigation, that status does not entitle him to have either the Court or non-parties underwrite his discovery expenses. See Badman v. Stark, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[2]

Plaintiff has also filed motion for the issuance of a subpoena duces tecum to require the production of information regarding the contact information of former deputies. Rec. Doc. 36. That motion is likewise **DENIED**. Plaintiff should seek that information through discovery forwarded to the Sheriff's defense counsel. If counsel refuses to provide that information through discovery, plaintiff can file a motion to compel.

New Orleans, Louisiana, this twenty-ninth day of April, 2011.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In Badman, the court noted:

> The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules.

Badman, 139 F.R.D. at 605 (citations omitted). Where, as here, a plaintiff has made no provision for the costs of discovery, it is appropriate for his requests for the issuance of subpoenas duces tecum to be denied. Id.